```
                                          USDC SDNY
                                          DOCUMENT
                                          ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT              DOC #: _____
SOUTHERN DISTRICT OF NEW YORK             DATE FILED: Jan. 11, 2013
------------------------------X
UNITED STATES OF AMERICA      :
                              :
     -against-                :    Nos. 98 Cr. 834 (JFK)
                              :         12 Civ. 4800 (JFK)
                              :
                              :        OPINION & ORDER
PAUL WILLIAMS,                :
                              :
               Defendant.     :
------------------------------X
```

**JOHN F. KEENAN, United States District Judge:**

Before the Court is Petitioner Paul Williams's ("Williams" or "Petitioner") pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, Petitioner's motion is denied.

## I. Background

After a jury trial in which Petitioner was found guilty of two counts of drug-related offenses, he was sentenced on January 11, 2001 to two concurrent terms of twenty-seven years of imprisonment, to be followed by ten years of supervised release. On July 11, 2011, the Second Circuit affirmed the judgment of conviction, and the Supreme Court denied certiorari on November 26, 2001. See United States v. Pinales, 14 F. App'x 100 (2d Cir.), cert. denied, 534 U.S. 1049 (2001).

Petitioner sought a sentence reduction filed under 18 U.S.C. § 3582(c)(2). By Order dated June 16, 2009, this Court

denied the motion and declined to recharacterize the collateral relief sought in that motion as relief under § 2255. Williams, 98 Cr. 0834-01 (S.D.N.Y. June 16, 2009), appeal dismissed, No. 09-3070 (2d Cir. July 14, 2010).  Petitioner also sought audita querela relief with respect to his conviction, which was denied by this Court on July 27, 2009. See id., aff'd No. 09-3444 (2d Cir. July 14, 2010).

Petitioner filed the instant § 2255 motion on June 18, 2012.  By Order dated July 6, 2012, this Court directed Petitioner to show why the motion should not be denied as time-barred, because by that time more than ten years had elapsed since the conviction became final.  Petitioner responded on August 24, 2012, claiming that the motion is timely under § 2255(f)(3).

The Court also notes that, after filing this § 2255 motion, Petitioner subsequently filed a separate motion seeking a reduction in his sentence under 18 U.S.C. § 3582(c)(2).  That motion will not be addressed in this Order.

## II. Discussion

Section 2255 allows a prisoner held in federal custody to collaterally challenge his federal conviction or sentence. 28 U.S.C. § 2255(a).  To obtain relief under this provision, a petitioner must establish "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact

that constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).  Because Petitioner is proceeding pro se, his submissions will be "liberally construed in his favor," Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)), and will be read "to raise the strongest arguments that they suggest," Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (citing Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)).

    Section 2255(f) sets forth the statute of limitation to file for relief.  A movant must file within one year from the latest of four benchmark dates:  (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is recognized initially by the Supreme court, if it has been made available retroactively to cases on collateral review; or (4) when the facts supporting a claim could have been discovered through the exercise of due diligence. See § 2255(f). Here, Williams's conviction became final on November 26, 2001, and he concedes that the motion would therefore be untimely under the first benchmark.

Petitioner argues instead that his motion is timely under § 2255(f)(3) because it was filed within a year of the Supreme Court's decisions in Lafler v. Cooper, 132 S. Ct. 1376 (2012), Missouri v. Frye, 132 S. Ct. 1399 (2012), and DePierre v. United States, 131 S. Ct. 2255 (2012). He further states that these cases should be applied to him retroactively.

Since Frye was decided, "nearly every court to have addressed the issue has held that Frye did not create a new constitutional right to be applied retroactively to cases on collateral review; it merely applied Strickland v. Washington . . . to a particular set of circumstances, i.e., the obligation of defense counsel to advise a defendant of plea offers." Ortiz v. United States, No. 12 Civ. 5326, 2012 WL 5438938, at *2 (E.D.N.Y. Nov. 7, 2012) (compiling cases). The Court concludes that Frye does not make Petitioner's § 2255 motion timely, because that case did not articulate a new right that can be retroactively applied to Petitioner. His assertion that Lafler is retroactively applicable fails for the same reason. See, e.g., United States v. Lawton, No. 12-3240, 2012 WL 6604576, at *3 (10th Cir. Dec. 19, 2012) (noting that Lafler cannot be the basis for a § 2255(f)(3) extension because, among other reasons, "the Supreme Court could not have granted relief in Lafler itself if it were recognizing a new right" (citing Lafler, 132 S. Ct. at 1395-96 (Scalia, J., dissenting)));

Buenrostro v. United States, 697 F.3d 1137, 1140 (9th Cir. 2012); Cooper v. United States, Nos. 11 Civ. 3054, 04 Cr. 801, 2013 WL 57043, at *2 (S.D.N.Y. Jan. 4, 2013).

In DePierre, the Supreme Court clarified that the phrase "cocaine base" as used in 21 U.S.C. § 841(b)(1)(A)(iii) includes all forms of base cocaine, not just crack cocaine. See DePierre, 131 S. Ct. at 2231–32.  It is not retroactively applicable, did not recognize a new constitutional right, and cannot confer timeliness upon Petitioner's instant motion under § 2255(f)(3). See, e.g., Chestnut v. United States, No. 12-0697, 2012 WL 3262728, at *2 (S.D. Ill. Aug. 9, 2012) (holding that DePierre "did not establish a new rule of constitutional law nor make any such rule" retroactive, and compiling cases in accord); Wallace v. United States, Nos. 4:21-cv-388-A, 4:07-cr-039-A, 2012 WL 2161268, at *3 (N.D. Texas, June 14, 2012).  Additionally, the Court notes that the jury specifically found Petitioner guilty of possessing cocaine base in the form of crack cocaine.  Thus, even if DePierre applied retroactively to this case (which it does not), it would not provide a basis for relief. Cf. Wallace, 2012 WL 2161268, at *3.

### III. Conclusion

For the foregoing reasons, Petitioner's motion to vacate, set aside or correct his sentence pursuant to § 2255 is denied.

The court certifies, pursuant to 28 U.S.C. § 1951(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Furthermore, as the Petitioner makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253.

**SO ORDERED.**

Dated:   New York, New York
         January 11, 2013

                                        _____
                                        John F. Keenan
                                        United States District Judge